```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION

ADAMS COUNTY WATER ASSOCIATION, INC.                     PLAINTIFF

VERSUS                        CIVIL ACTION NO. 5:10CV199-DCB-RHW

CITY OF NATCHEZ, MISSISSIPPI et al                      DEFENDANTS
```

## Opinion and Order

This cause is before the Court on Plaintiff's Motion to Strike Portions of the Amended Answer and Affirmative Defenses [**docket entry no. 24**] pursuant to Federal Rule of Civil Procedure 12(f).[1] Having carefully considered said Motion, the Defendants' response thereto, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. Procedural History and Summary of the Arguments

In response to Plaintiff Adams County Water Association's ("ACWAI") complaint, Defendants City of Natchez ("Natchez") and Natchez Water Works ("NWW") answered, among other things, that (1) ACWAI failed to honor its obligation under a 1965 contract between the two Parties; (2) that the legality of the ACWAI's state-issued certificates of public convenience and necessity are subject to question because they were "based on material misrepresentation if not fraud"; (3) and that "the grant of any rural water association is only for potable drinking water for its rural customers and does

---

[1] Plaintiff also filed a Supplemental Motion to Strike [docket entry no. 29].

not extend to the industrial water by whatever name called. . . ." ACWAI argued that these statements were redundant, immaterial, impertinent, or scandalous and moved the Court to strike them from the record pursuant to Rule 12(f).

Subsequent to filing the subject Motion, ACWAI amended its complaint, and as a consequence the Defendants filed an amended answer. In their answer, the Defendants removed any statements that ACWAI committed fraud or material misrepresentation, although the subject matter of their affirmative defenses remained much the same [docket entry no. 40]. ACWAI therefore filed a Motion for Leave to Supplement its Motion to Strike [**docket entry no. 41**], therein reasserting its Motion to Strike. Even though it conceded that the Defendants removed all of the objectionable language from their answer, ACWAI argues that the Defendants' affirmative defenses related to the Parties' 1965 agreement or the invalidity of ACWAI's certificates of public convenience should be struck from the record because they are "inappropriate, would be a waste of time and money, and would unnecessarily confuse one of the clear issues now before the Court . . . ." Plaintiffs' Memo at 3, docket entry no. 42.

## II. Analysis

*1. Rule 12(f) standard*

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." See also, FDIC v. Niblo, 821 F. Supp. 441, 449 (N.D. Tex. 1993) (noting that the decision to grant a Rule 12(f) motion is "within the discretion of the court."). Federal courts view Rule 12(f) motions with disfavor both because "striking a portion of a pleading is a drastic remedy", id., and such motions are often "sought by the movant simply as a dilatory tactic." Global Adr, Inc. v. City of Hammond, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003) (unpublished op.) (quoting Niblo, 821 F. Supp. at 449); see also 5C Wright & Miller Federal Practice and Procedure § 1380 (3d ed. 2004). Thus, 12(f) motions are infrequently granted by the courts. Niblo, 821 F. Supp. at 449.

   To prevail under Rule 12(f), the movant must show that "'that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense *and* that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" Global Adr, Inc., 2003 WL 21146696, at *1 (emphasis in the original) (citing Niblo, 821 F. Supp. at 449). Showing both (1) unrelatedness and (2) prejudice is said to be a "high bar." Global Adr, Inc., 2003 WL 21146696, at *1. In ruling on a 12(f) motion, a court typically does not rely on matter outside of the pleadings as such reliance would run the risk of treating a 12(f) motion as a motion for summary judgment. OKC Corp. v. Williams, 461 F. Supp. 540, 550-51 (D.C. Tex. 1978); see also, 5C Wright & Miller Federal Practice and Procedure § 1380 (3d

ed. 2004).

*2. Whether the Court Should Convert the Present Motion to a Motion for Summary Judgment*

The Court begins its analysis by declining ACWAI's invitation to convert the present Motion to a motion for summary judgment. While there is precedent to grant this request, and the evidence before the Court is substantial--particularly for a 12(f) motion-- the Parties' briefs address only the aforementioned statements and the discrete issues related thereto. As a result, the Parties have not sufficiently apprised the Court of the fundamental details of the dispute. Further, the Court notes that the Defendants object to conversion, wanting to complete discovery before addressing the case's merits in a dispositive motion. Accordingly, the Court will consider only the merits of ACWAI's 12(f) argument.

*3. Whether the Defendants' Allegations Will Be Prejudicial to ACWAI*

   A. *"Dirty Water Argument"*

The Court can summarily dismiss ACWAI's motion to strike what the Parties have termed the "dirty water argument", i.e., whether or not the certificates issued by the Mississippi Public Service Commission extend beyond potable water rights. Such argument has no merit in the context of a Rule 12(f) motion. First, ACWAI relies on expert testimony in support of its claim--evidence which this Court deems inappropriate to consider in a 12(f) motion. Secondly and relatedly, ACWAI is advancing a legal argument that could potentially go to the heart of the dispute, and therefore it would

be premature for the Court to consider the merits of this argument, as any conclusion regarding this matter might prove dispositive to this case. Accordingly, the Court denies ACWAI's motion to strike any statements related to the "dirty water" issue.

*B. Allegations of Material Misrepresentation and Fraud*

As AWCAI has noted, the Defendants have removed from their amended answer *all* of the language that it has asked the Court to strike, rendering ACWAI's initial motion moot. See Plaintiff's Memo at 2, docket entry no. 42. Nevertheless, ACWAI has attempted to renew its motion to strike [docket entry no. 43], this time arguing that it will suffer prejudice if the Court does not strike the substance of the affirmative defenses from the record. Having carefully reviewed the Defendants' amended answer, ACWAI is correct that the Defendants continue to maintain that the Parties' 1965 agreement and ACWAI's certificates of public convenience and necessity are related to the present dispute. Whether the Defendants affirmative defenses have any merit is not for the Court to decide in the present motion. Nor should the Court strike them simply because they may be irrelevant. See Global Adr, Inc., 2003 WL 21146696, at *1. In this case, the Court does not hesitate to find the allegations as stated in the amended answer, particularly without the offending language, will not prejudice ACWAI in the current proceedings. Id. Specifically, the Court does not find that these allegations are inappropriate, will result in wasted time and

5

money, or will confuse the court.[2]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike [**docket entry no. 24**] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion to Strike [**docket entry no. 29**] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for an Extension of Time [**docket entry no. 31**] is **DISMISSED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Leave to File a Supplemental Pleading [**docket entry no. 41**] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Response in Opposition to Counterclaim [**docket entry no. 43**] is **GRANTED** as unopposed.

**SO ORDERED,** this the 9th day of February, 2012.

/s/ David Bramlette
**UNITED STATES DISTRICT JUDGE**

---

[2] Court will deny the Plaintiff's Motion to File a Supplemental Pleading, although it notes for the record that it considered the arguments contained in both the brief and the proposed pleading and found them meritless for the reasons stated above.