UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ADAMS COUNTY WATER ASSOCIATION, INC.                         PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 5:10CV199-DCB-RHW

CITY OF NATCHEZ, MISSISSIPPI and
NATCHEZ WATER WORKS                                                 DEFENDANTS

## ORDER REGARDING DISCOVERY OF DOCUMENTS ON PRIVILEGE LOG

Before the Court are Defendants' [82] Motion to Compel and Plaintiff's [88] Motion for Protective Order and [89] Supplemental Motion for Protective Order. At issue are 37 documents that Plaintiff has identified as privileged and which Defendants assert should be produced; as well as additional documents listed on a second privilege log that was filed in conjunction with Plaintiff's [89] Supplemental Motion for Protective Order. The Court has reviewed the pleadings, exhibits, and arguments of the parties and makes the following findings:

In the initial motion to compel, Defendants identify a long list of requests for which they feel Plaintiff's responses were inadequate. To a large degree, Defendants argued that Plaintiff's responses were deficient precisely because of Plaintiff's assertions of privilege. Subsequent to the motion to compel, Plaintiff produced some of the documents in dispute. In its response to the motion to compel, Plaintiff only addresses the 37 documents on its privilege log that it has withheld from disclosure. In fact, Plaintiff represents that other than the priveleged documents, production requests have been fully responded to. Defendants did not file a reply. Plaintiff also filed a motion for protective order and supplemental motion for protective order in response to Defendants' notice of Rule 30(b)(6) deposition and accompanying document request. In these

motions, Plaintiff re-asserts that it is entitled to withhold certain documents on the basis of attorney-client or work product privilege.  Based on the foregoing, the Court concludes that the only matter remaining at issue is whether Plaintiff should be compelled to produce the documents listed on its privilege logs.

With respect to any documents for which Plaintiff continues to assert privileges, the Court establishes the following guidelines.  Any communications between Adams County Water Association, Inc. and any third party;  including but not limited to state and federal agencies and Rentech, Inc.;  are discoverable and not subject to the attorney-client or work product doctrines. *See Nguyen v. Excel Corp.*, 197 F.3d 200, 207 (5th Cir. 1999).  The mere fact that ACWAI's counsel may have been copied on a particular correspondence does not by itself make the communication privileged.  Even if ACWAI's attorney drafted the communication, the fact that the communication was made to a third party takes it out from under any privilege.  Moreover, the fact that the communications with third parties may have occurred in anticipation of litigation does not by itself protect the communications from disclosure.  However, the Court finds that communications in anticipation of litigation between ACWAI's attorney and its retained experts or consultants is not subject to production.  *See* Fed. R. Civ. P. 26(b)(4)(C) & (D); *Shields v. Sturm Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989); *Federal Trade Comm. v. GlaxoSmithKline*, 294 F.3d 141, 148 (D.C. Cir. 2002); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989); *Trudeau v. New York State Consumer Protection Bd.*, 237 F.R.D. 325, 337-38 (N.D.N.Y 2006). Communications with experts and/or consultants done in anticipation of litigation are exempt from disclosure, with the exception that any communications upon which testifying experts relied in formulating their opinions are discoverable.  *See TV-3, Inc. v. Royal*

*Ins. Co. of America*, 193 F.R.D. 490, 491-92 (S.D. Miss. 2000).

Plaintiff is directed to review the documents for which it continues to assert privilege to determine whether any of them should be produced based on the guidance provided by the Court. If there are no further documents to produce, then Plaintiff shall so certify within 10 calendar days of the entry of this Order. If there are additional, non-privileged documents, then Plaintiff shall produce them to Defendants within 10 calendar days of the entry of this Order.

IT IS THEREFORE ORDERED AND ADJUDGED THAT Defendants' [82] Motion to Compel and Plaintiff's [88] Motion for Protective Order and [89] Supplemental Motion for Protective Order are GRANTED in part and DENIED in part, subject to the provisions outlined in this Order.

SO ORDERED, this the 4th day of September, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE