UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ADAMS COUNTY WATER ASSOCIATION, INC.                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 5:10CV199-DCB-RHW

CITY OF NATCHEZ, MISSISSIPPI et al                                     DEFENDANTS

## ORDER GRANTING LEAVE TO INTERVENE

Before the Court is a [91] Motion to Intervene filed by the United States of America. The United States argues that it is a direct and interested party in the outcome of the present litigation based on two loans issued to Plaintiff Adams County Water Association, Inc. (ACWAI) by Rural Development, United States Department of Agriculture (Rural Development). Rural Development is a secured party-in-interest and mortgage lien holder with respect to Adams County's water system. The United States argues that ACWAI's revenues and income are pledged to Rural Development by deeds of trust; therefore, any decline in revenue caused by Defendants fragmentation of ACWAI's exclusive service area would affect its ability to repay loans to Rural Development. The United States further argues that Defendants' "dirty water" argument would violate 7 U.S.C. § 1926(b), which provides in relevant part that:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body; or by the granting of any private franchise for similar service within such area during the term of such loan. . .

In its reply, the United States elaborates that if Defendants prevail on their "dirty water" argument, then the impact of the Court's decision could be far reaching and implicate more than

just ACWAI's certificated area.

The "dirty water" argument was initially raised in ACWAI's [24] Motion to Strike, in which ACWAI moved for the Court to strike from Defendants' answer the claim that ACWAI"s exclusive service rights are limited only to the service of drinking water and not other types of water service. ACWAI argued that such an interpretation, among other things, is in violation of 7 U.S.C. § 1926(b). ACWAI further argued that if Defendants are allowed to expand non-potable water services into ACWAI's certificated area, it would "cripple ACWAI's ability to gain financing for its future projects and seriously compromise the collateral currently held by USDA Rural Development against the assets of ACWAI exchange for its existing loans to ACWAI." Dkt. entry [25] at 16. In its response to the motion to strike, Defendants did not disavow an interest in providing non-potable water services within ACWAI's exclusive service area. Rather, Defendants simply argued that ACWAI's assertion that it has the exclusive right to provide non-potable or industrial water is without legal basis. The Court denied ACWAI's motion to strike finding that a ruling would be premature. *See* dkt. entry [67] at 4-5. Hence, the issue regarding Defendants' right to provide non-potable water services within ACWAI's exclusive service area remains unresolved.

In its response to the motion to intervene, Defendants assert that the United States does not have an intervention of right because (1) the motion is untimely; (2) the United States' interest in being repaid its loan would not be affected by the disposition of the case; and (3) ACWAI adequately represents any interest the United States might have in the outcome of this litigation. Defendants further argue that permissive intervention of the United States is not warranted.

The Court finds that the motion to intervene is not untimely. On February 13, 2012, United States District Judge David C. Bramlette, III entered an order denying ACWAI's motion to strike the dirty water argument. The United States argues that at that moment it became aware of the dirty water argument and its potential impact; it gathered facts on the issue through Rural Development; and it prepared the motion to intervene. The Court agrees that the motion to strike and Judge Bramlette's order denying the motion to strike placed the issue in a posture such that the Court finds that the motion is not untimely. The Court further finds that Defendants have failed to demonstrate how they would be prejudiced by the intervention. The Court recognizes that there is potential for some delay, but otherwise there has been no argument of potential prejudice in allowing the intervention.

The Court also finds that the United States' interest in the litigation does not directly coincide with that of ACWAI and therefore it may not be adequately represented by ACWAI. The United States asserts that if as a matter of law Defendants are permitted to provide non-potable (dirty) water to customers in ACWAI's certificated area, this would result in a reduction in ACWAI's revenue stream and would thus affect its ability to re-pay its loans. Moreover, the United States argues that such an outcome may be a violation of 7 U.S.C. § 1926. If Defendants prevail on their dirty water argument, the United States asserts that there could be a wide-ranging effect on provision of water to rural areas throughout the country. Hence, the United States is not merely protecting common interests with ACWAI, but is protecting the interests of a wider range of United States citizens. *See Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996); *Southeast Winston Rural Water Ass'n v. City of Louisville*, 303 F.Supp. 974 (N.D. Miss. 1969).

The Court finds precedent for allowing intervention. In *Southeast Winston Rural Water*

*Ass'n,* cited above, a United States District Court allowed the United States to intervene in a dispute regarding exclusive water service and § 1926. The court at least implicitly found that the interests of the United States and the interests of the rural water association were distinct. Specifically, the court cited to the government's brief in which it argued that the water association sought to protect its "commercial integrity", while the United States sought to protect the congressionally declared policy of making water service available to rural residents. *See* 303 F.Supp. at 979. The court ultimately allowed the intervention and found that "the disposition of the controversy may impair or impede the ability of the United States to protect its interest." *Id.*

The United States was also allowed to intervene in a 1980 chancery court proceeding, which was later removed to federal court, involving the City of Natchez and ACWAI. *See City of Natchez, Mississippi v. Adams County Water Association*, Civil Action No. W80-7 (W.D. Miss.). The parties disputed the possible acquisition by the City of Natchez of a portion of the water system built and operated by ACWAI. As in the instant case, the United States argued that a fragmentation of the water service would affect ACWAI's ability to repay federal loans. Based on the foregoing, the Court finds that the intervention should be allowed.

IT IS THEREFORE ORDERED AND ADJUDGED that the [91] Motion to Intervene is GRANTED and that the United States is given leave to intervene as a Plaintiff in this matter.

SO ORDERED, this the 24th day of September, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE